IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> § CASE NO. 1:17-CR-00048-MAC <br> § <br> § <br> § <br> § <br> § <br> § |
| v. | |
| HAZEM ZIAD AWAWDEH (4) | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On January 22, 2018, this case came before the undersigned magistrate judge for entry of a guilty plea by the Defendant, Hazem Ziad Awawdeh (4), to Count One of the Information. Count One alleges that during the dates relative to the Infomration, Hazem Awawdeh was the owner and president of Jordan Wireless, Inc. (JW), an authorized Boost Mobile retailer. During that time period, JW collected generated revenue from the sale of various products. The Texas state sales and use tax is 6.25%, but cities, counties, special purpose districts and transit authorities can also impose local sales and use tax up to 2% for a total maximum combined rate of 8.25%. Under Texas law, tangible personal property and taxable services are taxable items. The products being sold at JW are tangible personal property and therefore require the business to collect 8.25% tax on all items sold. These taxes are transmitted to the State of Texas via Webfile, an online payment system, or through an Electronic Funds Transfer (EFT). Since the State of Texas Comptroller does

1

not audit each sales tax paying business every year, the Comptroller relies on the businesses to accurately report and pay their sales taxes. Beginning on or about January 2013 through on or about December 2016, JW, through Hazem Awawdeh, reported $454,736 in sales and paid $37,344.59 in sales taxes to the Texas Comptroller, when, in fact, Awawdeh generated 739,994.61 in taxable sales and should have paid $61,049.56 in sales tax. From on or about January 2013 through on or about December 2016, in the Eastern District of Texas and elsewhere, Hazem Awawdeh, defendant herein, did knowingly perpetrate a scheme to defraud one or more persons or entities, and in furtherance of said scheme, did cause to be transmitted by means of wire communication in interstate commerce, to wit, payments from Jordan Wireless, Inc. to the Texas State Comptroller for sales taxes, when the defendant knew he was underreporting his sales tax liability, all in violation of 18 U.S.C. § 1343 (Wire Fraud).

The Defendant entered a plea of guilty to Count One of the Information into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

a. That the Defendant, after consultation with his attorney, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas, subject to a final approval and imposition of sentence by the District Court.

b. That the Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal. The Defendant verified that he understood the terms of the plea agreement, and he acknowledged that it was his signature on the plea agreement. To the extent the plea agreement contains recommendations and requests pursuant to FED. R. CRIM. P. 11 (c)(1)(B), the court advised the

Defendant that he has no right to withdraw the plea if the court does not follow the particular recommendations or requests. To the extent that any or all of the terms of the plea agreement are pursuant to Rule 11(c)(1)(A) or (C), the undersigned advised the Defendant that he will have the opportunity to withdraw his plea of guilty should the court not follow those particular terms of the plea agreement.[1]

    c.    That the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing the Defendant personally in open court, the undersigned determines that the Defendant's plea is knowing and voluntary and did not result from force, threats or promises (other than the promises set forth in the plea agreement). See FED. R. CRIM. P. 11(b)(2).

    d.    That the Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offense and the Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 1343 (Wire Fraud).

## STATEMENT OF REASONS

---

1. "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. R. CRIM. P. 11(c)(3)-(5).

As factual support for the Defendant's guilty plea, the Government presented a factual basis. See Factual Basis and Stipulation. In support, the Government would prove that the Defendant is the same person charged in the Information, and that the events described in the Information occurred in the Eastern District of Texas. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offense as alleged in Count One of the Information through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of the Defendant's plea, the undersigned incorporates the proffer of evidence described in detail in the factual basis and stipulation filed in support of the plea agreement, and the Defendant's admissions made in open court in response to the undersigned's further inquiry into the factual basis and stipulation.

The Defendant agreed with and stipulated to the evidence presented in the factual basis. Counsel for the Defendant and the Government attested to the Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering the guilty plea knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of the Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Count One of the Information. Accordingly, it is further recommended that the District Court finally adjudge the Defendant, Hazem Ziad Awawdeh (4), guilty of the charged offense under 18 U.S.C. § 1343 (Wire Fraud).

The District Court should defer its decision to accept or reject the plea agreement until there has been an opportunity to review the presentence report. If the plea agreement is rejected and the Defendant still persists in his guilty plea, the disposition of the case may be less favorable to the Defendant than that contemplated by the plea agreement. The Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. The Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. See 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States District Judge, see <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 22nd day of January, 2018.

_____
Zack Hawthorn
United States Magistrate Judge